**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

K. BRENT JOHNSON,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 98-2087

WAL-MART STORES, INCORPORATED,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-97-1367-2-18)

Argued: April 6, 1999

Decided: May 19, 1999

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Arthur Edward Justice, Jr., TURNER, PADGET, GRA-
HAM & LANEY, P.A., Florence, South Carolina, for Appellant. Ste-
phen Victor Futeral, FINKEL & ALTMAN, L.L.C., Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wal-Mart Stores, Inc. (Wal-Mart) appeals the district court's denial of its motion for a new trial, see Fed. R. Civ. P. 59(a), after the district court entered judgment in favor of K. Brent Johnson on his South Carolina state law claim of false imprisonment. For the reasons that follow, we affirm.

I.

At approximately 11:00 P.M. on October 17, 1996, Johnson, who is a paraplegic, drove to a Wal-Mart store in Georgetown, South Carolina, to go shopping. In the parking lot of the Georgetown Wal-Mart, Johnson saw Wesley Lambert, with whom he was acquainted. Johnson greeted Lambert, and the two entered the Georgetown Wal-Mart together. Johnson and Lambert spoke briefly inside the Georgetown Wal-Mart and then proceeded to shop separately.

Later that night, as Johnson was in the check-out line paying for a bottle of soda and a bag of potato chips, Lambert attempted to leave the Georgetown Wal-Mart. Margaret Miller, an employee of the Georgetown Wal-Mart who was standing at the front of the store, discovered that Lambert was shoplifting Wal-Mart merchandise and prevented him from leaving the store. According to Johnson, after Miller detained Lambert, she called for security and instructed Johnson not to leave the store. John Kent, the assistant store manager, came to the front of the store and took Lambert away. Then, at the front of the store, in the presence of other shoppers, Miller inquired as to whether Johnson had any Wal-Mart merchandise for which he had not paid and asked to search Johnson's pockets. Further, Miller commanded Johnson to raise himself up from his wheelchair so that she could look beneath him for any Wal-Mart merchandise for which he had not paid. No such Wal-Mart merchandise was found. After this search,

2

according to Johnson, he was escorted by a Wal-Mart security guard to the back of the store where Kent had taken Lambert.

In a back room of the Georgetown Wal-Mart, Kent questioned Lambert and Johnson and directed the security guard to search Johnson. Again, no Wal-Mart merchandise for which Johnson had not paid was found on Johnson's person. Then, after being summoned by the Georgetown Wal-Mart, Officer James Burke of the Georgetown Police Department arrived. According to Officer Burke, Kent directed him to search Johnson. Although no Wal-Mart merchandise for which Johnson had not paid was found on Johnson's person by Officer Burke, Kent instructed Officer Burke to inform Johnson that he was no longer welcome at the Georgetown Wal-Mart.

Several weeks after this incident, Johnson again attempted to enter the Georgetown Wal-Mart, at which time he was stopped by Officer Burke and informed that he would be arrested if he did not leave the Georgetown Wal-Mart's property. Johnson testified that he returned to the Georgetown Wal-Mart due to the hardship of commuting to other stores to do his shopping.

Wal-Mart's witnesses, Miller and Kent, gave completely different accounts than those given by Lambert, Johnson, and Officer Burke. Miller testified that she never detained Johnson in the front of the store and did not search him. In fact, Miller testified that when Lambert was detained, Johnson spontaneously spread his feet apart, put his hands on his wheelchair, and pushed himself up while declaring that he did not have any Wal-Mart merchandise for which he had not paid and Miller could search him if she wanted. Like Miller, Kent testified that he did not detain or direct the security guard to search Johnson. According to Kent, Johnson asked if he could come to the back of the store with Lambert. Moreover, Kent denied that he asked anyone, including Officer Burke, to search Johnson. Finally, Kent denied that he told Officer Burke that Johnson was not allowed back in the Georgetown Wal-Mart.

On April 3, 1997, Johnson filed this action against Wal-Mart in the Court of Common Pleas for Georgetown County, South Carolina, claiming under South Carolina law: (1) false imprisonment; (2) assault; (3) battery; (4) slander; and (5) outrage. Johnson sought both compensatory and punitive damages. Wal-Mart removed the action to

3

the United States District Court for the District of South Carolina. See 28 U.S.C. § 1441(a).

A jury trial was held in the district court on May 13 and 14, 1997. Johnson voluntarily withdrew his assault claim and, after Johnson rested his case, the district court dismissed Johnson's outrage claim. After the close of all the evidence, but before submission of the case to the jury, Wal-Mart moved for judgment as a matter of law on the remaining three claims: slander, false imprisonment, and battery. See Fed. R. Civ. P. 50(a). The district court withheld ruling on Wal-Mart's motion, see Fed. R. Civ. P. 50(b), and sent the three remaining claims to the jury. The district court instructed the jury on the remaining three claims as well as nominal, actual, and punitive damages. The district court then provided the jury with a general verdict form that contained a series of special interrogatories. Neither party objected to the general verdict form or the special interrogatories.

The jury returned a verdict in favor of Johnson on his false imprisonment and slander claims, but found in favor of Wal-Mart on Johnson's battery claim. The jury then awarded actual and punitive damages to Johnson. The actual damages part of the general verdict form stated:

> If you found for the Plaintiff on his false imprisonment claim, please continue to Question 8 and enter an amount in either 8(A) or 8(B). If you found for the Plaintiff on any of his other claims, please continue to Question 9.

(J.A. 16). Special interrogatory 8(A) provided only for nominal damages for Johnson's false imprisonment claim. Special interrogatory 8(B) asked: "What is the total amount of actual damages to which K. Brent Johnson is entitled as the result of his false imprisonment claim?" Id. The jury responded to special interrogatory 8(B) and awarded Johnson $15,860 in actual damages for his false imprisonment claim. Special interrogatory 9 of the general verdict form asked: "What is the total amount of actual damages that will fairly compensate K. Brent Johnson for his injury." Id. In response to this special interrogatory, the jury awarded Johnson $3,420 for his slander claim, the only other claim on which Johnson prevailed.

The punitive damages part of the general verdict form stated: "If you awarded K. Brent Johnson any amount of nominal or actual damages, please continue to Question 10." Id. (emphasis in original). Spe-

4

cial interrogatory 10 asked: "Did [Johnson] prove by clear and convincing evidence that Wal-Mart, Inc.'s actions were willful, wanton or reckless?" Id. The jury answered this special interrogatory in the affirmative. The general verdict form continued:"If you answered "YES" to Question 10, please continue to Question 11." (J.A. 17). In response to special interrogatory 11, the jury awarded Johnson $38,000 in punitive damages. The jury was then dismissed, without objection by Wal-Mart.

After the jury was dismissed, the district court conducted a hearing on the subject of punitive damages. During the hearing, Wal-Mart objected to the punitive damages award and complained to the district court that the jury's responses to special interrogatories 8(B) and 9 were irreconcilable. The district court noted on the record that, in view of its responses to special interrogatories 8(B) and 9, the jury seemed confused by the general verdict form. The district court, believing that it was following South Carolina law: (1) entered judgment for Johnson only for the amount of actual damages awarded by the jury on the false imprisonment claim in its response to special interrogatory 8(B), $15,860, plus the $38,000 in punitive damages; and (2) granted Wal-Mart's motion for judgment as a matter of law on Johnson's slander claim, thereby vacating the jury's verdict in favor of Johnson on that claim.

On May 26, 1998, Wal-Mart moved for a new trial under Federal Rule of Civil Procedure 59(a) or, in the alternative, to amend the judgment under Federal Rule of Civil Procedure 59(e). On June 23, 1998, the district court denied Wal-Mart's motion for a new trial or, in the alternative, to amend the judgment. Wal-Mart noticed this timely appeal.

II.

On appeal, Wal-Mart claims that the district court erred when it denied Wal-Mart's motion for a new trial under Federal Rule of Civil Procedure 59(a) because: (1) the jury's answers to special interrogatories 8(B) and 9 were inconsistent and cannot be reconciled; and (2) the district court's dismissal of Johnson's slander claim created an ambiguity in the jury's punitive damages award. The decision to grant or deny a new trial under Federal Rule of Civil Procedure 59(a) is

5

within the sound discretion of the district court and should not be reversed by this court absent an abuse of discretion. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998).

A.

Wal-Mart first argues that the jury's answers to special interrogatories 8(B) and 9 were inconsistent and cannot be reconciled and that, accordingly, Wal-Mart is entitled to a new trial. We disagree.

The actual damages part of the general verdict form stated:

> If you found for the Plaintiff on his false imprisonment claim, please continue to Question 8 and enter an amount in either 8(A) or 8(B). If you found for the Plaintiff on any of his other claims, please continue to Question 9.

(J.A. 16) (emphasis added). Special interrogatory 8(A) only pertained to nominal damages for Johnson's false imprisonment claim. Special interrogatory 8(B) asked: "What is the total amount of actual damages to which K. Brent Johnson is entitled as the result of his false imprisonment claim?" Id. The jury responded to special interrogatory 8(B) and awarded Johnson $15,860 in actual damages for his false imprisonment claim.

Special interrogatory 9 of the general verdict form asked: "What is the total amount of actual damages that will fairly compensate K. Brent Johnson for his injury." Id. In response to special interrogatory 9, the jury awarded Johnson $3,420 in actual damages for his "other claims," id., the only other claim being Johnson's slander claim. By the explicit terms of the general verdict form's instructions, special interrogatory 9 asked the jury to provide damages in special interrogatory 9 only if it found for Johnson on any of his claims other than his false imprisonment claim. The jury followed this explicit, unambiguous instruction and awarded Johnson $3,420 in actual damages for his slander claim in addition to the $15,860 in actual damages it awarded Johnson for his false imprisonment claim. Because special interrogatory 8(B) asked the jury to specify its damage award for Johnson's false imprisonment claim and special interrogatory 9 asked the jury

6

to specify its damage award for Johnson's slander claim (having found in favor of Wal-Mart on Johnson's battery claim), we conclude that special interrogatories 8(B) and 9 are not inconsistent nor are the jury's answers to them.

Wal-Mart argues that the jury's answers to special interrogatories 8(B) and 9 are inconsistent because special interrogatory 9 asked the jury to specify the total amount of actual damages for all of Johnson's claims on which he prevailed. According to Wal-Mart, because the award of actual damages on special interrogatory 8(B) exceeded the award of actual damages on special interrogatory 9, the jury's answers are inconsistent. Wal-Mart's argument fails because special interrogatory 9 did <u>not</u> ask the jury to specify the total amount of its damage award. Rather, as noted above, by its unambiguous, explicit terms, special interrogatory 9, when read in conjunction with the general verdict form's instructions, asked the jury to specify its damage award for any of Johnson's claims <u>other than</u> his false imprisonment claim.

B.

Wal-Mart also argues that the district court's entry of judgment as a matter of law in favor of Wal-Mart on Johnson's slander claim created an ambiguity in the jury's punitive damages award that entitled Wal-Mart to a new trial. More specifically, Wal-Mart argues that, because the jury could have premised its award of punitive damages solely on a finding that Wal-Mart's slander of Johnson was wilful, wanton, or reckless (and not on a finding that Wal-Mart's false imprisonment of Johnson was wilful, wanton, or reckless), the punitive damages award is ambiguous and must be redetermined in a new trial on punitive damages. We reject Wal-Mart's argument for the simple reason that the district court's entry of judgment as a matter of law in favor of Wal-Mart on Johnson's slander claim created no ambiguity in the jury's award of punitive damages.

Following the trial, the jury found in favor of Johnson on his false imprisonment and slander claims, awarded him actual damages on those two claims, and awarded him punitive damages on a finding that Wal-Mart's conduct was wanton, wilful, or reckless. The district court entered judgment as a matter of law in favor of Wal-Mart on the

7

slander claim, not on the ground of insufficiency of the evidence, but rather on the perhaps mistaken ground that, under South Carolina law, to allow Johnson to recover damages for both his false imprisonment and slander claims would effect a double recovery. See Harper v. Ethridge, 348 S.E.2d 374, 378-80 (S.C. Ct. App. 1986) (holding that, under South Carolina law, plaintiff can plead in the alternative but cannot receive a double recovery). Accordingly, this case does not involve one where the appellate court reverses one claim on appeal based upon insufficiency of the evidence and is left to speculate whether the jury based its general punitive damages award on another claim with sufficient evidentiary support in the appellate record. See Barber v. Whirlpool Corp., 34 F.3d 1268, 1278 (4th Cir. 1994) (holding that where one of plaintiff's claims is reversed on appeal due to insufficient evidence and the other is upheld, defendant is entitled to new trial on punitive damages where jury did not specify which claim supported the punitive damages award). Like Barber, this case involves a verdict in favor of the plaintiff on two claims and a punitive damages award in which the jury did not specify which of the two claims (or both) supported the punitive damages award. However, in contrast to Barber, both of Johnson's claims are supported by substantial evidence in the record and both claims, individually and collectively, support the punitive damages award tendered by the jury. Because neither Johnson's false imprisonment claim, nor his slander claim, are infirm due to insufficient evidence, the district court's dismissal of Johnson's slander claim to avoid a double recovery under South Carolina law carried no legal significance except to the extent that it extinguished Johnson's actual damages award for his slander claim. In short, no ambiguity in the jury's finding that Johnson was entitled to $38,000 in punitive damages for Wal-Mart's wanton, wilful, or reckless conduct was created by the district court's entry of judgment as a matter of law in favor of Wal-Mart on Johnson's slander claim.

III.

For the reasons stated herein, we affirm the district court's denial of Wal-Mart's motion for a new trial under Federal Rule of Civil Procedure 59(a).

AFFIRMED

8